FILED
MAY 20 2008
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MILTON JOSEPH TAYLOR
1175 Stevens Rd. S.E.
Washington, D.C., 20020

MARCELLUS FOSTER
2517 West, St., S.E.
Washington, D.C., 20020
      Plaintiffs,
202-361-2635 or 202-889-0183

    v.

VAIL A. KAUFMAN, P.A.
Attorneys at Law
Law Office
8955-A Edmonston Road
Greenbelt, Md.,
301-513-0434
      Defendant.
_____/

Case: 1:08-cv-00867
Assigned To : Leon, Richard J.
Assign. Date : 5/20/2008
Description: PI/Malpractice

JURY ACTION

## COMPLAINT

The plaintiffs now brings this Civil Action Law Suit against the Law Office of Vail A. Kaufman and his co-attorneys for withholding personal liability coverages funds from both above plaintiffs, negotiated a bad Settlement Contract with Insurance Companies, deceiving both named above plaintiffs beyond his A.B.A. Canon Codes duties and Vail A. Kaufman had engaged into a "FRAUD" with private citizens, among other things.

RECEIVED
MAY 12 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## JURISDICTION

Jurisdiction is conferred upon this Honorable Court pursuant to Title 42 U.S.C. section 1983, 28 U.S.C. section 1332, 1334, 2201 and 2202, as well as the Article III Clause to resolve cases and controversy.

## PARTIES TO THIS LAW SUIT

Mr. Milton Taylor is a resident of the District of Columbia and was represented by Mr. Vail A. Kaufman.

Mr. Marcellus is a resident of the District of Columbia and he also was represented by Mr. Vail A. Kaufman.

Mr. Vail A. Kaufman is named as a defendant in this case and he was a retain lawyer for both plaintiffs. His legal Office is located in Greenbelt, Maryland.

Jane and John Doe's are co-attorneys working hand and hand with Mr. Vail Kaufman during the negotiation of Settlement Contracts.

INTRODUCTION

The major purpose why this Law Suit is being file in a period of 8 years. At the time that Mr. Taylor had retain attorney Vail A. Kaufman for his lawyer, Mr. Taylor was under the expectation that attorney Kaufman will give him good service and make a compotent decision in settling a reasonable claim for him. Prior to Mr. Taylor signing his Retainer Agreement for Mr. Vail Kaufman, Mr. Taylor was under the influence of Mental Health medication, order by his doctor and his Federal Judge (Paul L. Friedman) in the District of Columbia. It took approximated 7 years for Mr. Taylor to recover from his mental illness, remember things of the past and how attorney Vail Kaufman had taken advantages over Mr. Taylor and Mr. Foster. Under these above facts, attorney Vail Kaufman or his Law Firm attorneys cannot raise the "STATUTE OF LIMITATION" as a defense, to "BOY COTT" the plaintiffs pro se Law Suit.

This Honorable Court have subject matter jurisdiction to investigate the plaintiffs presented facts in this case and the misconduct of Vail Kaufman's actions. The "HOLY BIBLE" speaks the truth concerning "THE BLIND RECEIVETH HIS SIGHT." See Matthew 11 verse 5.

Let the record reflect, that Mr. Foster have no understanding of the law and how much attorney Vail Kaufman had "BETRAYED" his trust, so therefore Mr. Foster had to learn information from Mr. Taylor, by filing these claims herein.

## STATEMENT OF THE FACTS

In the year of 2001, Mr. Taylor and Mr. Foster was driving a car belong to Ms. Charlette Lewis in the State of Baltimore Maryland, County. A male driver had struck the car in the back that both plaintiff was riding. Police officers was called to the scene, an accident report was written, driver license was exchanged and Insurance policies was produce to the officer. Both plaintiffs was examined by the doctors of P.G. Hospital and both plaintiff had to report to after care doctors for further treatment.

Both plaintiffs had retained Vail A. Kaufman for their lawyer and a written "Retainer Agreement' was signed on May 11th, 2001, in regards to Vail Kaufman will receive a portion of 33 percent of an agreed settlement.

Attorney Vail Kaufman had taken the responsibility for being the Chief Negotiator, but he had to consult with other Jane & John Doe's in his firm, before making a final settlement. Somehow, Vail Kaufman had negotiated a total of $ 16,000 for Mr. Taylor, but Mr. Taylor had to pay for his own medical expenses and legal fees, which Mr. Taylor had only receive approximated $ 6,000. Mr. Foster's settlement was negotiated to a greater total amount of $ 20,000, in which he had to also pay for his own medical expenses and legal fees. Mr. Foster had received approximated $ 11,000. Most of all, both vehicles involve in this accident was insured and damages.

-4-

## CAUSE OF ACTION NO. !

The vehicle that both plaintiffs was riding in belongs to Mr. Foster's girl-friend and own by her (Charlette Lewis). Accordingly, to her written Insurance Policy Claim had coverages for "BODILY INJURY LIABILITY" at the amount of $25,000/$50,000 for each person hurt in her car.

Without any compromise and negotiation by attorney Vail Kaufman, Mr. Taylor and Mr. Foster was automatically protected by Ms. Lewis Insurance Policy. Attorney Vail Kaufman had purposely negotiated against the written Insurance Policy, leaving both plaintiffs in a 'precarious' situation of depriving them of a 50% loss of monetary coverages. Mr. Taylor firmly believe that attorney Vail Kaufman pretended to had negotiated a lesser amount to had 'deceived' both plaintiffs, in regards to withhold extra money for his Law Firm and himself.

A future investigation of attorney Kaufman's records, will sustain that he had received Insurance money from both Insurance Company, out of the present of Mr. Taylor and Mr. Foster. The Office of Vail Kaufman 'owes' Mr. Taylor and Mr. Foster back pay money and interest for this "FRAUDULENT" scam.

The burden is on attorney Vail Kaufman to refut these facts above and "SHOW CAUSE" to this Honorable Court, because this is a routine practice for him against other clients. Tricknology and a lawyer's intent to "EMBEZZLE" money from a personal claim, can

result to a criminal offense. The question remains with this Court, is why will attorney Vail Kaufman negotiate in a lesser manner against a written Insurance Policy ?

### CAUSE OF ACTION NO.2

The plaintiffs have a standing to raise ineffective assistance of counsel within this complaint, because he did not receive an effective counsel prior to a reasonable binding settlement and they can challenge the lawyer's misconduct, as a result of violating his A.B.A. Canon Codes disciplinary Rules.

In this case at bar, attorney Vail A. Kaufman was very incompetence within his legal representation, he had failed to disclose material facts and he had engage in illegal conduct involving moral turpitude, dishonesty, a fraud, deceit and misrepresentation on the record. See attached Disciplinary Rules.

Furthermore, attorney Kaufman was incompetent by inducing Mr. Taylor and Mr. Foster to pay for their own medical expenses, when the injury was 'no fault of their own. Also, the legal fees should had been paid by the driver that caused the accident in the first place. Attorney Kaufman had failed to negotiate with the Insurance Company for any on-going permantent future injury, as the result of the accident in this case, because $16,000 or $20,000 was not a sufficient amount at all.

## CAUSE OF ACTION NO. 3

The Office of Vail A. Kaufman had once engaged into a Criminal P. Rule No.11 proceeding and Vail Kaufman have great wisdom to had known that before Mr. Taylor and Mr. Foster had entered into a Retainer Agreement, he should had inquired about their "MENTAL ILLNESS" first, before allowing them to sign a binding Contract. Failure to had informed both plaintiffs of the nature of an Insurance Policy and the full essence of it, makes the entire agreed Contract invalid. See U.S. v. Raynor, 989 F. Supp. 2d 43 (D.C. 1997); see also, U.S. v. Thorne, 153 F. 3d 130 (4th Cir. 1998). See also, Menna v. New York, 46 L. Ed. 2d 95.

## DAMAGES

Mr. Taylor still remains to suffer back pains as the result of the past accident. He also have been suffer from a great deal of "MENTAL ANQUISH", as the result of knowing that a lawyer have stolen some money from him and Mr. Foster. Mr. Foster also have suffer a great deal of Mental Anquish, loss of back pay money and he worried most concerning the interest that Vail Kaufman's Office is gaining in someone's Bank Account.

## PRAYER FOR RELIEF

Both plaintiffs respectfully request for a "JURY TRIAL" and we sue the defendants in the amount of $250,000 under the Law Firm and $50,000 in their personal capacity.

                                    Respectfully submitted,

                                    */s/ Milton J. Taylor*
                                  MILTON J. TAYLOR

                                  */s/ Marcellus Foster*
                                  MARCELLUS FOSTER


Executed on this 9th, day of May, 2008


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY a true copy of this Law Suit to attorney Vail Kaufman Office, pre-paid postage mailed on this 9th, day of May, 2008, at the address of: 8955-A Edmonston Road, Greenbelt, Md, 20770

-8-

# Vail A. Kaufman, P.A.
## Attorneys at Law

8955-A Edmonston Road
Greenbelt, Maryland 20770
301 513-0500
Toll Free 1-888-455-5138
Fax 301-513-0434

Vail A. Kaufman

Maryland Bar
District of Columbia Bar

Paralegal
Diane M. Lewis

## RETAINER AGREEMENT

I/WE, _Marcellus Forster and Milton Taylor_, the undersigned hereby agree to retain the Law Office of Vail A. Kaufman, P.A. for the purpose of representing me/us in court or out of court for the following reason(s):

_Accident of May 9, 2001_

The Law Office of Vail A. Kaufman, P.A. represents me through a final outcome of the legal proceedings or through a final outcome as a result of the compromise, settlement or recovery. I understand that they will take all necessary steps to obtain legal relief on my behalf.

The attorney above accepts this representation on the express condition that he will have the claim investigated and will proceed to handle the claim only if it appears to be a meritorious and recoverable claim. If, in his sole opinion, the claim does not prove to be such, then the attorney above shall have the absolute right to rescind this Agreement, returning all papers and documents to the client.

In consideration for such professional services it is agreed that the client shall pay, and does hereby assign, a fee equal to thirty three and one third (33 1/3) percent of any and all monies that are received or recovered by reason of any compromise of settlement that may be made prior to filing suit, and ~~forty (40) percent~~ 1/3 nt of any and all monies that are received or recovered by settlement after filing suit. In the event the client terminates this agreement, the attorney shall be entitled to a fee based on the value of work performed.

08 0867

**FILED**

MAY 20 2008

Clerk, U.S. District and
Bankruptcy Courts

Client authorizes the attorney to withhold distribution of money equal to the total amount charged by all doctors, hospitals, experts and others for medical or related expenses which sums are due and payable whether or not recovery is made in this claim. Client will pay all costs and expenses arising out of the handling of this claim, such as filing fees, reporters, detectives, etc., incurred by the attorney on the client's behalf.

This Agreement does not include any appellate services. If an appeal is instituted, separate additional fees are to be mutually agreed upon.

This Agreement represents the entire understanding between myself/ourselves and the Law Office of Vail A. Kaufman, P.A., as to my present Counsel.

THERE IS NO FEE TO ATTORNEY IF THERE IS NO RECOVERY.

I/WE, the undersigned, affix my/our signature(s) this 11th day of May, 2007.

VAIL A. KAUFMAN, P.A.

BY: _____          _____
                                      Signature of Client

                                      _____
                                      Signature of Client

if licensed, in being restored to the full right to practice.

## DISCIPLINARY RULES

DR 1-101   Maintaining Integrity and Competence of the Legal Profession.

(A)   A lawyer is subject to discipline if the lawyer has made a materially false statement in, or has deliberately failed to disclose a material fact requested in connection with, his application for admission to the bar.10

(B)   A lawyer shall not further the application for admission to the bar of another person known by him to be unqualified in respect to character, education, or other relevant attribute.11

DR 1-102   Misconduct

(A)   A lawyer shall not:

   (1)   Violate a Disciplinary Rule.

   (2)   Circumvent a Disciplinary Rule through actions of another.12

   (3)   Engage in illegal conduct involving moral turpitude.13

   (4)   Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

   (5)   Engage in conduct that is prejudicial to the administration of justice.

   (6)   Engage in any other conduct that adversely reflects on his fitness to practice law.14

DR 1-103   Disclosure of Information to Authorities

(A)   A lawyer possessing knowledge of a violation of DR 1-102 shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation.15

(B)   A lawyer possessing knowledge or evidence concerning another lawyer or a judge shall reveal fully such knowledge or evidence upon proper request of a tribunal or other authority empowered to investigate or act upon the conduct of lawyers or judges.16

## NOTES

1. "[W]e cannot conclude that all educational restrictions [on bar admission] are unlawful. We assume that few would deny that a grammar school education requirement before taking the bar examination was resonable. Or that an applicant had to be able to read or write. Once we conclude that some restriction is proper then it becomes a matter of degree—the problem of drawing the line.
....

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

B-08-867
RJL

### I (a) PLAINTIFFS

Milton J. Taylor, et al

### DEFENDANTS

Vail A. Kaufman, PA.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _11001_
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se's

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Case: 1:08-cv-00867
Assigned To : Leon, Richard J.
Assign. Date : 5/20/2008
Description: PI/Malpractice

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**■ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ■ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Immigration**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus- Alien Detainee
- ☐ 465 Other Immigration Actions

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)

- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.

- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— O —

| ☐ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities- Employment<br>☐ 446 Americans w/Disabilities- Other | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

☒ **ORIGIN**
☒ Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC 1364 - legal not tax

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES  ☐ NO   If yes, please complete related case form.

DATE 5.20.08   SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd