IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON JOSEPH TAYLOR )<br>)<br>and )<br>)<br>MARCELLUS FOSTER, )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>VAIL A. KAUFMAN, P.A., )<br>)<br>      Defendant. )<br>) | Case No.: 1:08-cv-0867 (RJL) |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the defendant, Vail A. Kaufman, P.A., by and through its counsel, Deborah Murrell Whelihan and JORDAN, COYNE & SAVITS, LLP, respectfully moves this Honorable Court to dismiss plaintiffs' Complaint[1] for (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, and (4) failure to state a claim upon which relief can be granted.

In support of its Motion, the defendant, Vail A. Kaufman, P.A., respectfully refers this Honorable Court to the accompanying Memorandum of Points and Authorities filed herewith and

---

[1] The complaint purports to be on behalf of two plaintiffs, Milton Joseph Taylor and Marcellus "Foster." However, the defendant, Vail A. Kaufman, P.A., represented a Marcellus Forster in 2001 and did not represent a Marcellus Foster. It seems unlikely that Mr. Forster would misspell his last name. The defendant's counsel notes that the signature for Mr. "Foster" on the complaint looks identical to the signature for the other plaintiff, Mr. Taylor, and does not look like the signature for Mr. Forster that is the executed Retainer Agreement that was filed with the complaint.

incorporated herein by reference.

WHEREFORE, the defendant, Vail A. Kaufman, P.A., requests that this action be dismissed against it and that judgment be entered in its favor against the plaintiffs.

          Respectfully submitted,

          JORDAN, COYNE & SAVITS, LLP


          By:/s/ **Deborah Murrell Whelihan**
              Deborah Murrell Whelihan, # 412454
              1100 Connecticut Avenue, N.W.
              Suite 600
              Washington, D.C. 20036
              Telephone: (202) 296-4747
              Facsimile: (202) 496-2800
              Email: D.Whelihan@jocs-law.com
              Attorneys for Defendant Vail A. Kaufman, P.A.


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Defendant's Motion To Dismiss Plaintiffs' Complaint, Memorandum of Points and Authorities, Exhibit A, Exhibit B, and Proposed Order were mailed first class, postage prepaid, on this 30th day of June 2008 to:

    Milton Joseph Taylor
    1175 Stevens Road, S.E.
    Washington, D.C. 20020
    Plaintiff *pro se*

    Marcellus Forster
    2517 West Street, S.E.
    Washington, D.C. 20020
    Plaintiff *pro se*


          /s/ **Deborah Murrell Whelihan**
          Deborah Murrell Whelihan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON JOSEPH TAYLOR )<br>)<br>and )<br>)<br>MARCELLUS FOSTER, )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>VAIL A. KAUFMAN, P.A., )<br>)<br>      Defendant. )<br>)  | Case No.: 1:08-cv-0867 (RJL) |

**DEFENDANT'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

    The defendant, Vail A. Kaufman, P.A., by and through its counsel, Deborah Murrell Whelihan and JORDAN, COYNE & SAVITS, LLP, submits this Memorandum of Points and Authorities in support of its Motion To Dismiss the Plaintiff's Complaint and states as follows:

    I.    **INTRODUCTION**

    The plaintiffs, Milton Joseph Taylor and Marcellus Foster, both apparently residents of the District of Columbia and proceeding *pro se*, have filed this Complaint against the Maryland professional association, Vail A. Kaufman, P.A., arising out of its legal former representation of those plaintiffs some seven years (7) ago for personal injury claims made in May of 2001 and the subsequent settlement of those personal injury claims in October of 2001.

    While the Complaint is vague and ambiguous, the plaintiffs appear to be asserting

common law claims for legal malpractice and fraud.[1] For the reasons addressed below, the defendant moves to dismiss the Complaint for (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, and (4) failure to state a claim upon which relief can be granted.

## II.   ARGUMENT

As this Honorable Court has recognized, the plaintiffs, as the party invoking the jurisdiction of this Court, bears the burden of establishing subject matter jurisdiction. See, McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936); Tavoulareas v. Comnas, 720 F. 2d 192, 195 (D.C. Cir. 1983)(Invoking party's burden to show that complete diversity exists and that the claim in good faith exceeds $75,000). Because subject matter jurisdiction involves the Court's power to hear the plaintiffs' claims, this Honorable Court must give close scrutiny to plaintiffs' factual allegations. Macharia v. United States, 357 U.S. App. D.C. 223, 334 F.3d 61, 64 (D.C. Cir. 2003). In resolving a motion to dismiss for lack of subject matter jurisdiction, *pro se* pleadings are held to a less stringent standard than those filed by an attorney. Haines v. Kramer, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). This Honorable Court may consider material outside of the pleadings in ruling upon a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and lack of venue. Artis v. Greenspan, 223 F. Supp. 2d 149, 152 n.1 (D.D.C. 2002).

While a *pro se* plaintiff's complaint is to be construed liberally in his favor, and this

---

[1] The plaintiff refers to crimes and "tricknology," but has sued the defendant civilly for civil damages.

Honorable Court will have to grant such a plaintiff "the benefit of all inferences that can be derived from the facts alleged," Kowal v. MCI Communications Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 1276 (D.C. Cir. 1994), a motion to dismiss should be granted where it is clear that no relief could be granted under any set of facts consistent with the allegations.  See, Price v. Phoenix Home Life Insurance Company, 44 F. Supp. 2d 28 (U.S. D.C. 1999)(*Pro se* plaintiff's complaint dismissed where complaint failed to state a claim upon which relief could be granted). A motion to dismiss under Fed.R. Civ. P. 12(b)(6) tests whether the plaintiff has properly stated a claim.  See, Shirley Ann Perez v. Daniel Goldin, 360 F. Supp. 2d 12 (2003); Maxine M. Mount v. Alan I. Baron, 154 F. Supp. 2d 3 (2001).  The plaintiffs' legal action should be dismissed because the complaint does not properly state any viable legal claims and may not be maintained in this Honorable Court.

        A.        **This Honorable Court Lacks Subject Matter Jurisdiction**

The plaintiffs have alleged that jurisdiction exists under "Title 42 U.S.C. section 1983, 28 U.S.C. 1332, 1334, 2201 and 2202, as well as the Article III Clause."  See, Complaint at 2.  The Civil Docket reflects that jurisdiction is based upon a federal question.

However, federal courts are courts of limited jurisdiction, and, therefore, the law presumes that "a cause lies outside of [the court's] limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 82 L. Ed. 845, 58 S. Ct. 586 (1938).

Here, the plaintiffs have no valid federal jurisdictional basis for their claims against the defendant, Vail A. Kaufman, P.A.  42 U.S.C. §1983, 28 U.S.C. §1334, 28 U.S.C. §2201 and 28 U.S.C. §2202 do not apply to the claims asserted by the plaintiffs.

Although diversity jurisdiction under 28 U.S. C. §1332 appears to provide a possibly valid jurisdictional basis, the claims asserted by the plaintiff cannot satisfy the amount of controversy requirement. According to the complaint, the insurance policy to which the plaintiffs claim entitlement has a single limit of $25,000.00. See, Complaint at 5. Moreover, the potential values of the plaintiffs' separate personal injury claims were far less than the $75,000.00 matter in controversy requirement under 28 U.S.C. §1332. See, affidavit of Vail A. Kaufman, Esquire, attached hereto as Exhibit A and incorporated by reference. In addition, there is not complete diversity since the plaintiffs seem to name unknown Jane and John Does as defendants in their complaint without making any statements about those putative defendants' citizenship. See, Complaint at 2, 4 and 7. See, W.L. Meng v. Schwartz, 305 F. Spp. 2d 49 (2004). Because diversity of citizenship cannot be presumed, the plaintiffs have no diversity jurisdiction for their complaint. For the reason that the plaintiffs have failed to establish subject jurisdiction, their complaint should be dismissed.

    B. **D.C. Lacks Personal Jurisdiction Over Defendant Vail A. Kaufman, P.A.**

The plaintiffs attempt to subject the defendant, Vail A. Kaufman, P.A., a Maryland professional association, to the jurisdiction of this Honorable Court, but, again, do not provide any alleged bases to establish why personal jurisdiction would exist in the District of Columbia. The allegations of the plaintiffs' complaint amply demonstrate that personal jurisdiction does not exist in the District of Columbia over the defendant, Vail A. Kaufman, P.A., even under the District of Columbia long-arm statute, that is D.C. Code §13-423 (2005 Repl. Vol.).

The Supreme Court has recognized that a federal court may not exercise personal jurisdiction over a defendant unless the procedural requirements of services of summons are

satisfied. Omni Capital International v. Rudolph Wolff & Co., Ltd., 484 U.S. 97, 98 L.Ed.2d 415, 108 S. Ct. 404 (1987). "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit assets jurisdiction over the person of the party served." Id., 108 S. Ct. at 409 (citation omitted). In sum,

> before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

Id., 108 S. Ct. at 409.

Rules 4(e) of the Federal Rules of Civil Procedure, in turn, governs service upon a nonresident and sets the territorial limits of effective service. Service is authorized in accordance with a federal statute or the long-arm statute of the state in which the court is sitting. Id.

Here, the federal statutes relied on by plaintiffs for jurisdiction fail to provide for service upon a nonresident defendant. Accordingly, as recognized by the Supreme Court in Omni, unless the federal statute upon which federal question jurisdiction is based provides for nationwide service of process, service on a nonresident defendant must comport with the long-arm statute of the District Columbia. Omni, 104 S. Ct. at 410. In other words, the defendant, Vail A. Kaufman, P.A., cannot be amenable to personal jurisdiction in the District of Columbia unless general personal jurisdiction lies under the District of Columbia long-arm statute.

The District of Columbia long-arm statue, D.C. Code §13-423, in pertinent part provides as follows:

(a)    A District of Columbia Court may exercise personal jurisdiction

> over a person who acts directly, or by an agent as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> (5) having an interest in, using, or possessing real property in the District of Columbia. . . .

D.C. Code Ann. § 13-423 (2005 Repl. Vol.).

The plaintiffs must establish that the defendant, Vail A. Kaufman, P.A., has minimum contacts with the forum so that exercising personal jurisdiction over it would not offend "traditional notions of fair play and substantial justice." Gonzalez v. Internacional de Elevadores, 891 A.2d 227 (D.C. 2006). The law clearly imposes on the plaintiff the burden of proving a sufficient basis for the assertion of long-arm jurisdiction over a nonresident defendant. F.C. Investment Group Lcv. IFX Markets, Ltd., 479 F. Supp. 2d 30 (2007); Reuber v. United States, 750 F.2d 1039, 1052 (D.C. Cir. 1984); Coalition on Sensible Transportation, Inc. v. Dole, 631 F. Supp. 1382, 1383 (D.D.C. 1986); Lott v. Burning Tree Club, Inc., 516 F. Supp. 913, 915 (D.D.C. 1980). The party seeking to invoke the jurisdiction of a federal court has the burden of establishing that jurisdiction exists, and the burden may not be shifted to the party challenging the jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 n. 3 (8th Cir.

1982).

The plaintiffs clearly have not met their jurisdictional burden and cannot establish that either general jurisdiction or specific jurisdiction exists over the defendant, Vail A. Kaufman, P.A., which would allow the plaintiffs to maintain their lawsuit.

In fact, the allegations in the Complaint demonstrate the complete lack of any bases for personal jurisdiction in the District of Columbia over the defendant, Vail A. Kaufman, P.A., since the plaintiffs allege that all conduct by the defendant, Vail A. Kaufman, P.A., took place in Maryland, and not in the District of Columbia. The complaint correctly does not assert that the plaintiffs' claim for relief arises from the transacting business or contracting to supply services in the District of Columbia, thus eliminating D.C. Code §§ 13-423(a)(1) and (2) from consideration. Additionally, because the complaint does not set forth any tortious injury in the District of Columbia, there is no basis for jurisdiction under §§ 13-423(a)(3) and (4). Moreover, even if plaintiffs were able to establish injury in the District of Columbia, they could not establish that the defendant, Vail A. Kaufman, P.A., had the requisite regular contact with the District as provided under § 13-423(a)(4). Finally, the plaintiffs have not contended that the defendant, Vail A. Kaufman, P.A., had an interest in real property or contracted to insure or acted as surety as required under §§ 13-423(a)(5)-(6).

Importantly, as Exhibit A demonstrates, there is no Constitutional basis for this Honorable Court to exercise personal jurisdiction over the defendant, Vail A. Kaufman, P.A. The defendant, Vail A. Kaufman, P.A., is incorporated in Maryland. <u>See</u>, Exhibit B, which is a printout of the State Department of Assessments and Taxation business entity information. The defendant, Vail A. Kaufman, P.A., maintains no place of business in the District and does not

engage in regular business or other persistent course of conduct in the District of Columbia. See, Exhibit A. As Exhibit A also confirms, the plaintiffs' claims do not arise from any business transacted in the District of Columbia since the motor vehicle accident from which the plaintiffs' personal injury claims derived happened in Maryland and since the legal services provided to the plaintiffs in 2001 by the defendant, Vail A. Kaufman, about which they belatedly complain was performed in Maryland. See, Dooley v. United Technologies Corp., 786 F. Supp. 65, 71 (D.D.C. 1992). Bayles v. K-mart Corp., 636 F. Supp. 852 (D.D.C. 1986) (For jurisdiction to exist, contacts must be substantial and systematic). It is well settled that due process requires that the claim raised have a discernible relationship to the business transacted in the District of Columbia. Terotola v. Cotter, 601 A.2d 60, 64 (D.C. 1991) citing Smith v. Jenkins, 452 A.2d 333, 336 (D.C. 1982); International Shoe Co. v. Washington, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945); Berwyn Fuel, Inc. v. Hogan, 339 A.2d 79 (D.C. App. 1979). For all of these reasons, the plaintiffs' Complaint should be dismissed since this Honorable Court lacks personal jurisdiction.

  **C.** **Venue is Not Proper in the District of Columbia**

Title 28 U.S.C. §1391 generally sets forth the provisions of venue. More particularly, §1391 (a) provides that a civil action wherein jurisdiction is not founded only on diversity of citizenship may be brought only in a judicial district where the defendant resides or a judicial district court in which a substantial part of the events or omissions giving rise to the claim. 28 U.S.C. § 1391(a). A defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

The defendant, Vail A. Kaufman, P.A., resides and is a citizen of Maryland, and not the District of Columbia. The plaintiffs' claims all arose in Maryland. See, Lamont v. Haig, 590

F.2d 1124, 1134 (1978)(In deciding where a claim arose, the trial court must identify the "events having operative significance in the case, and a common sense appraisal of the implications of those events for accessibility to witnesses and records."). Venue may be conferred in a district where a substantial portion of the acts or omissions giving rise to the actions occurred, notwithstanding that venue might also lie in other districts. Id. See also, Reuber v. United States, 750 F.2d at 1052 (D.C. Cir. 1984).

Venue is not proper in the District of Columbia because the defendant's only office is in Maryland and because the events having operative significance in this case, together with a commonsense appraisal of the implications of those events for accessibility to witnesses and records, warrant venue only in Maryland. Virtually all of the conduct complained of occurred in Maryland. The Complaint alleges no conduct in the District of Columbia. Thus, the majority of the records and evidence are located in Maryland. In addition, the vital interest of Maryland citizens in the integrity of their courts, state agencies, and attorneys all dictate in favor of venue in Maryland. See Adams v. Bell, 711 F.2d 161, 167 n. 34 (D.C. Cir. 1983).

The defendant, Vail A. Kaufman, P.A., which has committed no acts or omissions in the District of Columbia, is statutorily entitled to have venue for this action in Maryland, the jurisdiction where the claim allegedly arose. Therefore, the defendant, Vail A. Kaufman, P.A. moves this Court to dismiss the Complaint, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, on the additional ground of improper venue.[2]

---

[2]This action should not be transferred to the Maryland federal court because of its defective subject matter jurisdiction and failure to state claims upon which relief can be granted.

### D. This Action Fails To State A Claim

#### 1. The Defendant Never Represented Plaintiff Foster

In order to establish a claim for legal malpractice, the plaintiff must first prove the attorney's employment, the attorney's neglect of a reasonable duty, and damages proximately caused by the attorney's neglect of a reasonable duty. See, Macktal v. Garde, 111 F. Supp. 2d 18 (2000); Gallucci v. Schaffer, 507 F. Supp. 2d 85 (2007). The claim of the plaintiff, Marcellus Foster, fails because he cannot prove that he ever employed the defendant, Vail A. Kaufman, P.A. Although the plaintiff, Marcellus Foster, alleges that he was represented by the defendant, Vail A. Kaufman, P.A., the defendant, Vail A. Kaufman, P.A., never represented a Marcellus Foster, but instead represented a Marcellus Forster. See, Exhibit A. Consequently, the claim of the plaintiff, Marcellus Foster, should be dismissed.

#### 2. The Plaintiffs Claims Are Not Legally Viable

The plaintiffs must demonstrate that the defendant, Vail A. Kaufman, P.A. breached a duty to them that caused them damages, which the allegations of the complaint belie. Allegations that the defendant failed to negotiate sufficient settlements in 2001 that the plaintiffs accepted do not give rise to viable causes of action. See, Macktal, supra., 111 F. Supp. 2d at 22-23; Perez v. Goldin, 360 F. Supp. 2d 12, 17 (2003).

#### 3. The Plaintiffs' Claims are Barred by Limitations

The plaintiffs' action is untimely. A legal malpractice claim must be filed in the District of Columbia within three (3) years from the time that the right to maintain the legal action accrues. See, D.C. Code §12-301 (2008); Knight v. Furlow, 553 A.2d 1232 (1989). The plaintiffs admit that this action was brought after the statute of limitations expired and some

seven years after the motor vehicle accident in which the plaintiffs claimed to have been injured and after the legal representation by the defendant, Vail A. Kaufman, P.A., terminated. See, Complaint at 3. The plaintiff, Marcellus Foster, apparently learned "information" from Mr. Taylor and has raised no excuse for his untimely filing. Id.

To excuse his untimely filing, the plaintiff, Milton Joseph Taylor, claims in the complaint that he was under the influence of "Mental Health" medication prior to signing the defendant's retainer agreement and that it took approximately seven (7) years for Mr. Taylor to recover from his mental illness. Id. Limitations may be tolled when a plaintiff is *non compos mentis*, i.e. "incapable of handling their own affairs or unable to function [in] society." Oparaugo v. Watts, 884 A.2d 63, 73 (D.C. 2003); D.C. Code §12-302 (2008). However, the plaintiff must establish his eligibility to invoke "equitable tolling." Gupta v. Northrop Grumman Corp., 462 F. Supp. 2d 56, 59 (D.D.C. 2006) (citing Saltz v. Lehman, 217 U.S. App. D.C. 354, 672 F.2d 207, 209 (D.C. Cir. 1982). Impaired judgment alone is not enough to toll the statute of limitations. Gallucci v. Schaffer, 507 F. Supp. 2d 85 (2007).

The plaintiff, Milton Joseph Taylor, has not provided any specific allegations that his mental capacity made him unable to handle his affairs or understand his legal rights. The plaintiff has not alleged that he was diagnosed by a mental health professional as incompetent, only that he was on medication ordered by his "doctor" and by a federal judge, which allegations are insufficient to excuse the untimely filing of this action. See, Complaint at 3. The plaintiff, Milton Joseph Taylor, offers no explanation about why he is suddenly competent. The plaintiff apparently was competent to file and litigate the other lawsuit which he has pending in this Honorable Court regarding child support. Consequently, the plaintiffs' complaint should be

dismissed since it is barred by limitations.

### III. CONCLUSION

For the reasons set forth above, defendant Vail A. Kaufman, P.A. respectfully moves this Court to dismiss this action against it.

Respectfully submitted,

JORDAN, COYNE & SAVITS, LLP

By: /s/ **Deborah Murrell Whelihan**
Deborah Murrell Whelihan, # 412454
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
Telephone: (202) 296-4747
Facsimile: (202) 496-2800
Email: D.Whelihan@jocs-law.com

Attorneys for Defendant Vail A. Kaufman, P.A.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON JOSEPH TAYLOR<br><br>and<br><br>MARCELLUS FOSTER,<br><br>    Plaintiffs,<br><br>v.<br><br>VAIL A. KAUFMAN, P.A.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 1:08-cv-00867 (RJL)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF VAIL A. KAUFMAN, ESQUIRE

I, Vail A. Kaufman, Esquire, do hereby state and declare, under penalty of perjury, that the following is true:

1. I have personal knowledge of the facts contained herein; I am over the age of eighteen (18) years; and I am otherwise competent to testify in this matter.

2. Vail A. Kaufman, P.A. is a Maryland professional association incorporated in Maryland, with its sole office location at the address of 8955-A Edmonston Road, Greenbelt, Maryland.

3. On or about May 11, 2001, two individuals, Marcellus F. Forster and Milton J. Taylor, retained Vail A. Kaufman, P.A. at the Maryland office location of Vail A. Kaufman, P.A. to prosecute their separate personal injury claims that they believed that they may have had as a result of having been seat belted passengers in a motor vehicle accident that happened on May 9, 2001. A lawsuit was not required to be filed for either individual because Mr. Forster and Mr.



Taylor were offered and accepted reasonable and adequate settlements from the insurer of the motor vehicle that collided with the motor vehicle in which Mr. Forster and Mr. Taylor had been passengers. The legal matters of both Mr. Forster and Mr. Taylor were both concluded by October 12, 2001. Until Vail A. Kaufman, P.A. received the complaint in this matter, neither the firm nor I had any indication that Mr. Forster and Mr. Taylor were not fully satisfied with their legal representation which occurred some eight (8) years before the filing of the complaint against Vail A. Kaufman, P.A.

    4.     I am the sole attorney employee of Vail A. Kaufman, P.A. who worked on the legal matters of those two individuals, that is Marcellus F. Forster and Milton J. Taylor, although I was assisted by a paralegal employee of Vail A. Kaufman, P.A. I am a Maryland resident. Although I am a member of the Maryland and the District of Columbia bars, my law practice is almost exclusively in Maryland. The paralegal who worked with me on the legal matters of Mr. Forster and Mr. Taylor is a Maryland resident. All work performed for Mr. Forster and for Mr. Taylor took place at the Maryland office location of Vail A. Kaufman, P.A. and not in the District of Columbia.

    5.     According to Mr. Forster and Mr. Taylor, the motor vehicle in which they were passengers was rear ended when it was stopped at a traffic light. The owner of the motor vehicle in which Mr. Forster and Mr. Taylor were passengers was a Maryland resident. The owner and operator of the motor vehicle that collided with the motor vehicle in which Mr. Forster and Mr. Taylor were passengers was also a Maryland resident. Although a lawsuit was not filed because of the settlements, if a lawsuit had been necessary, it would have had to be filed in Maryland since the motor vehicle accident occurred in Maryland and since the potential defendants were

located in Maryland. To my knowledge, the medical treatment which Mr. Forster and Mr. Taylor received for the motor vehicle accident of which I was aware in 2001 was all provided in Maryland by Maryland health care providers.

6.   Mr. Forster and Mr. Taylor each claimed to have suffer from sprain and strain soft tissue injuries as a result of the motor vehicle accident. By late June of 2001, it is my understanding that both individuals had been cleared by their respective health care providers to return to work and, to my knowledge, they returned to work. The motor vehicle in which Mr. Forster and Mr. Taylor had been passengers had approximately four hundred seventy dollars and five cents ($470.05) of property damage. In my professional opinion, neither Mr. Forster's nor Mr. Taylor's personal injury claims had a potential value of seventy-five thousand dollars ($75,000.00) and were instead worth less than the settlements that each agreed to accept in full satisfaction of their respective claims.

I affirm that this Affidavit is executed on this 25th day of June, 2008, under penalties of perjury, and that its contents are true and correct.

_____
Vail A. Kaufman, Esquire

**Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street ※ Baltimore, MD 21201   (2007 vw1.1)

Main Menu | Security Interest Filings (UCC) | Business Entity Information (Charter/Personal Property) New Search | Rate Stabilization Notices | Get Forms | Certificate of Status | SDAT Home

**Taxpayer Services Division**

**Entity Name: VAIL A. KAUFMAN, P.A.**
**Dept ID #: D03453693**

General Information  Amendments  Personal Property  Certificate of Status

| | |
|---|---|
| **Principal Office (Current):** | 8955-A EDMONSTON ROAD GREENBELT, MD 20770 |
| **Resident Agent (Current):** | VAIL A. KAUFMAN 3295 ELMMEDE ROAD ELLICOTT CITY, MD 21042 |
| **Status:** | INCORPORATED |
| **Good Standing:** | Yes |
| **Business Code:** | Professional |
| **Date of Formation or Registration:** | 06/23/1992 |
| **State of Formation:** | MD |
| **Stock/Nonstock:** | Stock |
| **Close/Not Close:** | Not Close |

**Link Definition**

| | |
|---|---|
| **General Information** | General information about this entity |
| **Amendments** | Original and subsequent documents filed |
| **Personal Property** | Personal Property Return Filing Information and Property Assessments |
| **Certificate of Status** | Get a Certificate of Good Standing for this entity |

EXHIBIT B

http://sdatcert3.resiusa.org/UCC-Charter/DisplayEntity_b.aspx?EntityID=D03453693&En...   6/25/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILTON JOSEPH TAYLOR )<br>)<br>and )<br>)<br>MARCELLUS FOSTER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>VAIL A. KAUFMAN, P.A., )<br>)<br>Defendant. )<br>_____ ) | Case No.: 1:08-cv-0867 (RJL) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

UPON CONSIDERATION of the Defendant's Motion to Dismiss Plaintiffs' Complaint, Complaint, any opposition thereto, and the entire record herein, it is, by this Court, on this ____ day of _____, 2008,

ORDERED, that the Defendant's Motion to Dismiss Complaint is, GRANTED; and it is further,

ORDERED, that the Complaint against the Defendant, Vail A. Kaufman, P.A., is dismissed <u>with prejudice</u> for its failure to state a claim against the Defendant upon which relief can be granted and is barred by the three years statute of limitations under D.C. Code Ann§12–301 (2005 Repl. Vol.); and it is further,

ORDERED, that the Complaint is also dismissed, <u>without prejudice</u>, for lack of subject

matter jurisdiction, lack of personal jurisdiction, and improper venue.

                                                            RICHARD J. LEON, United States District Court Judge

Copies to:

Deborah Murrell Whelihan

1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
Attorneys for Defendant Vail A. Kaufman, P.A.

Mr. Milton Joseph Taylor
1175 Stevens Road, S.E.
Washington, D.C. 20020
Plaintiff *pro se*

Mr. Marcellus Forster
2517 West Street, S.E.
Washington, D.C. 20020
Plaintiff *pro se*